IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


ADRIAN HARRIS,
     Plaintiff,

vs.                                                                    Case No.: 5:07cv39/RS/EMT

LIEUTENANT MARTHA BROWN, et al.,
     Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 13).  Leave to proceed in forma pauperis has been granted (Doc. 4).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its

face. *See* Bell Atl. Corp. v. Twombly, No. 05-1126, 2007 WL 1461066, at \*10–\*11, \*14 (May 21, 2007) (retiring the often criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that dismissal of this action is warranted.

Plaintiff is currently incarcerated at the Florida State Prison (*see* Doc. 13 at 2).  He was housed at Apalachee Correctional Institution ("ACI") at the time the events giving rise to this complaint took place.  Plaintiff names two Defendants in this action, Lieutenant Martha Brown and Classification Officer David Mabardy, both of whom are correctional officers at ACI (*id*. at 1, 2).[1] Plaintiff claims that his due process rights under the Fourteenth Amendment were violated when Defendants, who comprised the disciplinary team that presided over a disciplinary hearing on a charge that Plaintiff conspired to introduce contraband at ACI, failed to provide specific items of evidence at the hearing despite Plaintiff's request for such evidence (*id*. at 6).  Plaintiff states he requested presentation of the following items at the hearing:  (1) the audio recordings of alleged conversations between Plaintiff and his girlfriend, Yolanda Spikes, wherein they planned to introduce drugs into the compound, (2) a witness statement from Ms. Spikes, and (3) photographs of the alleged drugs and sports equipment that Plaintiff arranged to be introduced into the compound (*id*. at 6–7).  Plaintiff contends that without this evidence, there was not sufficient evidence to prove the disciplinary charge (*id*. at 6).  Plaintiff states that as a result of the alleged due process violation, he suffered the following:  (1) placement in disciplinary confinement for thirty (30) days, (2) loss of twenty-nine (29) days of gain time, (3) placement on close management status, which is significantly more restrictive than his previous classification status, and (4) loss of visitation privileges with Ms. Spikes, who is the mother of his children (*id*. at 7).

As relief, Plaintiff seeks and injunction requiring the Department of Corrections to vacate the disciplinary report and expunge it from his record, remove him from close management status, restore his visitation privileges with Ms. Spikes, restore his forfeited gain time, and discipline

---

[1]Initially, Plaintiff also named Officer Patricia Byler and Officer Hayes, correctional officers at ACI, as Defendants (*see* Doc. 1); however, in Plaintiff's second amended complaint he has removed Ms. Byler and Ms. Hayes as Defendants.

Defendants for their alleged misconduct (*id*. at 8).  Plaintiff also seeks nominal damages and compensation for legal costs he has incurred (*id*.).

Civil rights actions are not the proper method for challenging and impliedly overturning a disciplinary conviction, even if Plaintiff wants only injunctive or declaratory relief and not money damages.  Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973), *quoted in* Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003).  Preiser holds that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  411 U.S. at 500.  Subsequently, in Heck v. Humphrey, the Supreme Court made it clear that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486–487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (footnote omitted).  The Supreme Court extended Heck and made it explicitly applicable to claims surrounding prison disciplinary hearings. *See* Edwards v. Balisok, 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (indicating that a claim attacking only procedure, not result, of a prison disciplinary hearing may still fail to be cognizable under section 1983 unless the prisoner can show that the conviction or sentence has been previously invalidated).  Most recently, the Supreme Court reiterated that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81–82, 125 S.Ct. 1242, 161 L. Ed. 2d 253 (2005).

Plaintiff's present civil rights action, if successful, would do just that. Granting Plaintiff the relief he seeks, specifically, expungement of the disciplinary conviction and report from his record, removing him from close management status, restoring his visitation privileges with Ms. Spikes, and

restoring his forfeited gain time, would invalidate the disciplinary report.  Doing so would effectively overturn the disciplinary report and subsequent conviction, which would result in Plaintiff's speedier release from prison by restoring the forfeited gain time.  This cannot be done through this civil rights action.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida this 7th day of June 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**